IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

GINA D.,[1]

        Plaintiff,

vs.

ANDREW SAUL,
Commissioner of Social Security,

        Defendant.

Case No. 3:16-cv-00433-AA
**OPINION AND ORDER**

AIKEN, District Judge:

Plaintiff Gina D. brought this action seeking review of the Commissioner's final decision to deny Disability Insurance Benefits and Dependent Child Social Security Disability Benefits. On May 2, 2017, the Court ordered that the case be reversed and remanded for further proceedings. Doc. 19. Judgment was entered May 5, 2017. Doc. 22. On April 15, 2019, plaintiff's counsel received notice of plaintiff's award of benefits. Pl. Mot. Att. (doc. 29) Ex. 3.

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the non-governmental party or parties in this case. Where applicable, this opinion uses the same designation for a non-governmental party's immediate family member.

Plaintiff now seeks an award of fees pursuant to 42 U.S.C. § 406(b). Defendant objects to the amount requested, arguing that it would constitute an impermissible windfall to plaintiff's counsel. The Court has reviewed the record in this case, the motion, and the supporting materials including the award of benefits, the fee agreement with counsel, and the recitation of counsel's hours and services.

Under 42 U.S.C. § 406(b), a court entering judgment in favor of a social security disability insurance ("SSDI") claimant who was represented by an attorney may "determine and allow as part of its judgment a reasonable fee ... not in excess of 25 percent of the total past-due benefits to which the claimant is entitled ...." *Crawford v. Astrue*, 586 F.3d 1142, 1147 (9th Cir. 2006). The attorney fee award in a social security case is paid by the claimant out of the past-due benefits award, not by the losing party, and the claimant's attorney bears the burden of demonstrating the requested fee is reasonable. *Gisbrecht v. Barnhart*, 535 U.S. 789, 802, 807 (2002).

Contingent-fee agreements providing for fees of 25 percent of the past-due benefits awarded are the most prevalent fee arrangements between Social Security claimants and attorneys. *Crawford*, 586 F.3d at 1147 (quoting *Gisbrecht*, 535 U.S. at 800). The statute does not specify how to determine whether a requested fee is reasonable, but the Supreme Court has instructed that courts "must respect 'the primacy of lawful attorney-client fee agreements ... looking first to the contingent-fee agreement, then testing it for reasonableness.'" *Id.* (quoting *Gisbrecht*, 535 U.S. at 793, 808). The *Crawford* court set out factors, based on its analysis of *Gisbrecht*,

for analyzing the reasonableness of a requested fee in a particular case: (1) the character of the representation (specifically, if the representation was substandard); (2) the results achieved; (3) any delay attributable to the attorney seeking the fee; and (4) whether the requested fee is not in proportion to the time spent on the case (i.e. whether the award would be a windfall). *Crawford*, 586 F.3d at 1151–53 (citations omitted). The *Crawford* panel also recognized the risk inherent in contingency-fee representation is an appropriate factor to consider in assessing a fee's reasonableness, but instructed courts to focus on the "complexity and risk involved in the specific case at issue to determine how much risk the firm assumed in taking the case." *Id.* at 1153.

Applying the standards set by *Gisbrecht*, the Court determines that a downward adjustment in the requested fee is warranted in this case. The Court first turns to the contingent-fee agreement. Its terms are within the statutory limits of 42 U.S.C. § 406. Pl. Mot. Att. Ex 1 at 1. Combined with the agency fee already received, the requested fee of $29,200 is 22.65% of the benefits owed to plaintiff, which is within the statutory maximum.[2] Both the character of the representation and the results obtained were good as plaintiff's counsel obtained a remand from this Court and a finding of disability on remand, leading to the reward of seven years' worth of benefits owed to plaintiff and her child. Opinion and Order (doc. 19), Pl. Mot. Att. Ex 2 at 3. There was no significant delay attributable to plaintiff's counsel.

---

[2] On its own, plaintiff's requested fee is roughly 18.8% of plaintiff's back benefits.

The requested fee, however, is not proportional to the time spent on the case. *See Gisbrecht*, 535 U.S. at 808 ("If the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is . . . in order."). Counsel requests $29,200 for 14.6 hours of work. Although the amount of time spent on this case was reasonable, the $155,405 back benefit award is large in comparison.

Counsel asserts that the amount requested is reasonable because plaintiff's attorneys are experience and specialize in Social Security cases, so they are "able to efficiently and quickly complete briefing in a few hours," and the hours billed reflect an "efficient billing practice that focuses on substantive work." Pl. Mot. Att. at 5-6.

Counsel also urges the Court to consider that "Social Security attorneys face a substantial risk of non-payment for their work." *Id.* at 6. Although the Court may consider the risk inherent in contingency representation, counsel has failed to carry their burden of demonstrating any risk particular to this case. *Crawford*, 586 F.3d at 1153. Instead, counsel focused on the general risks of nonpayment that attorneys face when they accept a Social Security case. Pl. Mot. Att. at 6; Pl. Reply (doc. 31) at 2. Additionally, about a third of the total benefit award ($51,781) were child benefits, which did not require additional arguments from counsel.

Accordingly, the Court reduces plaintiff's fee to $26,000. This amount equals roughly 16.7% of the benefits awarded, or 20.6% when combined with the agency fee. This fee takes into account the risk involved and the complexity of this case and acknowledges the efficient and expedient resolution of this case.

## CONCLUSION

The Court GRANTS in part plaintiff's Motion (doc. 29) and awards plaintiff's counsel $26,000 in attorney's fees under 42 U.S.C. § 406(b). Plaintiff's counsel shall refund to plaintiff the $2,826.86 EAJA fees previously awarded upon receipt of the allowed § 406(b) fee award.

IT IS SO ORDERED.

Dated this 11th day of March 2020.

*Ann Aiken*
Ann Aiken
United States District Judge